COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Morgan BROTHERS et al., Appellees.

Court of Appeals of Kentucky.

Oct. 13, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Perry R. White, Jr., Ky. Highway Department, Frankfort, for appellant.

H.M. Grigsby, Springfield, for appellees.

MILLIKEN, Judge.

This is a condemnation case involving the property of Morgan Brothers and Lula Kate Brothers, his wife, for the construction of the Bluegrass Parkway through Washington County.

The property, as it existed before the new road, consisted of a twenty-acre farm located on a gravel road. The terrain of the land was gently rolling to very steep and most of the property was cleared land at the time of the taking. Also on the land was an eight room house, approximately twenty years old, a 30,000 cubic foot barn, a meat house, concrete block garage and a stripping room—all in good condition.

All buildings were deemed taken except the tobacco barn and stripping room which were not located on the 7.7 acres of land acquired. The acreage taken came from the middle of the farm leaving 5.89 acres on one side and 6.41 acres on the other which resulted in two severed tracts joined by a newly constructed blacktopped road which crossed the toll road by way of a new bridge that was part of the parkway project. The tobacco base of 1.26 acres remained the same except for routine reduction by the A. S. C. office. Three men appraised the property. Two of the appraisers were life-long residents of the area, familiar with local land values, who appraised it on behalf of the appellee and found a loss of $13,000.00. The third appraiser was a Highway Department employee who regularly does this kind of work for the Department and who determined that the loss was $7,000.00. The jury's verdict of $11,000. in favor of the landowner exceeded by $4,000.00 what the State thought the recovery should have been.

The Department's more persuasive contention is that the trial court erred in permitting the appellees to introduce testimony and argument to the effect that Morgan Brothers was in the hospital, "flat on his back with T. B."; that the five young children sitting on the bench in front of the jury were Brothers' children; and that because of this condemnation action, the landowner was a "displaced person". In his argument counsel for appellees made much of the fact that because of the toll road displacement, Mrs. Brothers could no longer walk to the nearby community of Fairview and, because of her inability to drive an automobile, was thereby inconvenienced.

When appellees' counsel elicited from Lula Brothers on the witness stand that her husband, Morgan, was a patient at Hazelwood Sanitarium suffering from tuberculosis, the Department moved that the swearing of the jury be set aside because the injection of such irrelevant testimony would prevent the Department from getting a fair trial. Appellees' counsel justified his question on the ground that the jury was entitled to know why his client was not in court, promising, "I'm through with that line of questioning." The trial court denied the motion to set aside the swearing of the jury saying, "I think the jury is entitled to know why the defendant is not here today."

The Department contends that all of this had nothing to do with the main issue of the trial, which was to ascertain the fair market value of the property taken. It is also urged that the cumulative effect of this argument prevented a just verdict, that it prejudiced the minds of the jurors against the Department and that the trial court, by not sustaining the Department's objections to such argument, led the jury to believe that it was proper to consider such facts in arriving at a verdict. It is the consensus of this court that the argument was prejudicial, because it was obvious that the testimony elicited from Lula Brothers, which perhaps justifiably explained the absence of her husband from the courtroom, was used in the argument for an entirely different purpose—to elicit a generous verdict from the jury. We appreciate counsel's predicament in not having his principal client in court for consultation and his desire to compensate for that lack, but we

nevertheless conclude that the impact on the jury by dwelling on that factor in the circumstances of this case was prejudicial.

The judgment is reversed.

WILLIAMS, C. J., and HILL, MONTGOMERY, PALMORE and STEINFELD, JJ., concur.

OSBORNE, J., dissents.